# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cr. ID No. 0010007121 |
| | ) | |
| PAUL E. WEBER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 4, 2023
Decided: November 3, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF AND ALL RELATED MOTIONS SHOULD BE SUMMARILY DISMISSED

Andrew J. Vella, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Paul E. Weber, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 3rd day of November, 2023, upon consideration of Defendant's pending motions, it appears to the Court that all of the motions should be summarily dismissed for the reasons set forth below.

Defendant Paul E. Weber filed the pending motions, which are titled as Postconviction Relief Motions pursuant to Super.Ct.Crim.R. 35(a) or in the alternative, Writ of Certiorari, Motion for Judgment pursuant to Super.Ct.Civ.R. 55, 56, and other related submissions. In each motion, the relief requested is the same, Weber is seeking to have his 2001 forgery second degree conviction vacated. In each of these motions, Weber is alleging that the 2001 forgery second degree conviction is against the weight of the evidence, that the jury instructions were improper, and is otherwise attacking the validity of his 2001 forgery conviction seeking to have it set aside and vacated. Weber is also seeking to expand the record, to have a hearing and/or conference, and seeks other related requests.

In the subject action, in 2001, a Delaware Superior Court jury convicted Weber of second degree forgery and misdemeanor theft due to his forgery of a check for $300.[1] The Superior Court sentenced him to 30 days of imprisonment at Level V for each conviction.[2] Weber appealed his convictions and sentences to the Delaware Supreme Court, which dismissed the appeal for lack of jurisdiction

---

[1] *Weber v. State,* 2002 WL 31235418, *1 (Del. 2002).
[2] *Id.*

1

because Weber's term of imprisonment for each conviction did not exceed one month.[3] Consequently, Weber's judgment of conviction became final in 2002, when the Delaware Supreme Court issued an Order and a mandate dismissing the case on direct review.[4]

In 2005, Weber was convicted of attempted robbery first degree, and the subject 2001 forgery conviction was used as predicate offense that qualified him as a habitual offender in that case.[5] Weber was sentenced to 25-years as a habitual offender on the attempted robbery first degree conviction.[6] Weber was also convicted of attempted carjacking first degree for which he received a three year sentence.[7]

As an aside, the Delaware Supreme Court initially reversed and remanded the attempted robbery first degree conviction finding that the trial court failed to instruct the jury on a lesser included offense.[8] At the re-trial, Weber was again convicted of attempted robbery first degree.[9] Weber's attempted robbery first degree conviction and 25-year prison sentence on that conviction as a habitual offender was affirmed

---

[3] *Id.*
[4] Super.Ct.Crim.R. 61(m)(2).
[5] *Weber v. State,* 971 A.2d 135 (Del. 2009).
[6] *Weber v. State,* 38 A.3d 271 (Del. 2012).
[7] *Id.*
[8] *Weber v. State,* 971 A.2d 135, 142 (Del. 2009).
[9] *Weber v. State,* 38 A.3d 271 (Del. 2012).

by the Delaware Supreme Court on direct appeal[10], and Weber's petition for a writ of certiorari was denied by the United States Supreme Court.[11] Weber's conviction for attempted carjacking and three-year prison sentence on that conviction was also affirmed on direct appeal.[12]

From the time the subject 2001 forgery conviction was used as a predicate offense that qualified him as a habitual offender in the 2005 robbery conviction, Weber has endlessly attacked (in both state and federal court) the validity of the 2001 forgery conviction and the ability to use the 2001 forgery conviction as a predicate offense in the 2005 robbery conviction.[13]

Weber has sought to litigate and relitigate whether his 2001 forgery conviction should be vacated, as well as whether, even if it is not vacated, the 2001 forgery conviction, an unappealable offense, could be used to enhance the sentence for the 2005 robbery conviction.[14]

Indeed, the Superior Court observed that as of August 2023, Weber had filed in state court countless exhibits and appendices, 11 memoranda, 110 letters and 44

---

[10] *Weber v. State,* 38 A.3d 271 (Del. 2012).
[11] *Weber v. Delaware,* 568 U.S. 865 (2012).
[12] *Weber v. State,* 38 A.3d 271 (Del. 2012).
[13] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019); *State v. Weber,* 2023 WL 5605620 (Del.Super. 2023); *Weber v. Quinlan et al.,* 792 Fed.App. 214 (3rd Cir. 2019), *cert. denied,* 141 S.Ct. 1748 (2021); *Weber v. May et al.,* 2022 WL 4598567 (D.Del. 2022); *Weber v. May,* 2023 WL 1816101, *12 (D.Del. 2023).
[14] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019).

motions. Of those motions, 5 sought postconviction relief under Superior Court Criminal Rule 61, 6 sought correction of an illegal sentence pursuant to Rule 35(a), and 1 sought modification or reduction of sentence pursuant to Rule 35(b).[15] Weber also filed numerous motions and petitions in the federal courts as well.[16] In addition to the motions stated above, Weber also filed habeas corpus petitions and other motions with creative titles such as "Motion for Judicial Discretion Pursuant to Senate Concurrent Resolution No. 32",[17] "Petition for Expungement via Habeas Corpus",[18] and "Motion for Relief of Judgment."[19]

In the motions and/or petitions, Weber framed and reframed his argument in different ways.[20] Weber filed motions to vacate the 2001 forgery conviction itself as well as motions to preclude the use of the 2001 forgery conviction as a predicate offense in the 2005 attempted robbery conviction on any number of constitutional and due process grounds.[21] Each and every motion was unsuccessful.

From Weber's direct appeal in his 2005 robbery conviction, and every motion thereafter, the Delaware Supreme Court has held that Weber's 2001 forgery

---

[15] See, *State v. Weber,* 2023 WL 5605620, *2 (Del.Super.).
[16] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019); *Weber v. Quinlan et al.,* 792 Fed.App. 214 (3rd Cir. 2019), *cert. denied,* 141 S.Ct. 1748 (2021); *Weber v. May et al.,* 2022 WL 4598567 (D.Del. 2022); *Weber v. May,* 2023 WL 1816101, *12 (D.Del. 2023).
[17] See, *State v. Weber,* 2023 WL 5605620 (Del.Super. 2023).
[18] See, *Weber v. May,* 2022 WL 4598567 (D.Del. 2022).
[19] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019).
[20] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019).
[21] See, *Weber v. State,* 2019 WL 3268813 (Del. 2019).

conviction was valid and constituted a conviction for purposes of the habitual offender statute, and that the unavailability of a direct appeal did not change this result.[22] Likewise, all the motions/petitions Weber filed in the federal court were also unsuccessful.[23] The federal court has consistently held that Weber's 2001 forgery conviction was ***conclusively valid*** and that he was barred from challenging his enhanced 2005 robbery sentence in a federal habeas petition under 28 U.S.C. §2254 on the grounds that his 2001 forgery conviction was unconstitutionally obtained.[24]

Delaware Supreme Court's ruling in *Weber v. State,* 2019 WL 3268813 (Del.), is dispositive of the pending motions.

In that motion, Weber also sought to vacate the subject 2001 forgery conviction. In that motion, Weber filed a motion titled "Motion for Relief of Judgment" to achieve this result.[25]

---

[22] *Weber v. State,* 971 A.2d 135, 160 (Del. 2009). See also, *Weber v. State,* 2018 WL 5993473 (Del.); *Weber v. State,* 2019 WL 3268813 (Del.).

[23] See, *Weber v. Pierce,* 2015 WL 7306119, *1 (D.Del.); *Weber v. Quinlan et al.,* 792 Fed.App. 214 (3rd Cir. 2019), *cert. denied,* 141 S.Ct. 1748 (2021)(the use of Weber's second-degree forgery conviction as a conviction for purposes of the habitual offender statute did not violate United States Constitution); *Weber v. May et al.,* 2022 WL 4598567 (D.Del. 2022)(the federal court denied Weber's petition for expungement in which he argued that the 2001 second degree forgery conviction was unconstitutional and should not have been used to enhance his 2010 sentence for attempted first degree robbery.).

[24] *Weber v. May,* 2023 WL 1816101, *12 (D.Del. 2023).

[25] *Weber v. State,* 2019 WL 3268813 (Del. 2019).

In that motion, the Delaware Supreme Court stated that Superior Court Criminal Rule 61 *provides the exclusive remedy for setting aside a judgment*.[26] The Delaware Supreme Court advised Weber that he could not file any other motion, other than under Rule 61, in an effort to set aside his 2001 forgery conviction. The Delaware Supreme Court advised Weber that he could not use any other type of motion, let alone a creative motion that does not even exist under the Superior Court procedural rules, to attack his 2001 forgery conviction. The Delaware Supreme Court held that Weber cannot avoid the procedural bars of Rule 61 by attempting to attack his conviction with the use of some different type of motion.[27]

The Delaware Supreme Court advised Weber that it had already held that the 2001 forgery conviction, even though unappealable, could be used as a predicate offense for habitual offender sentencing in the 2005 attempted robbery first degree conviction and that any further attempts to re-raise or re-couch this issue is procedurally barred for having been previously adjudicated.[28]

The Delaware Supreme Court held that Rule 61 provided the exclusive remedy for setting aside a conviction and that Weber was procedurally barred from

---

[26] *Weber v. State,* 2019 WL 3268813, * 3 (Del. 2019). See also, *Alley v. State,* 2015 WL 7188326 (Del.)( a "motion to reopen judgment" cannot be used to reopen a judgment in a criminal case. Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a conviction).

[27] *Weber v. State,* 2019 WL 3268813, *1 (Del. 2019).

[28] *Weber v. State,* 2019 WL 3268813 (Del. 2019).

seeking Rule 61 relief. The Delaware Supreme Court explained that any attempt to vacate the 2001 forgery conviction is, at this late date, untimely. Moreover, the issue had already been formally adjudicated, and the motion to set aside the 2001 forgery conviction was successive but did not plead with particularity the existence of *new evidence* that creates a strong inference of actual innocence or a claim that a new, retroactive rule of constitutional law applies.[29] Additionally, the Delaware Supreme Court noted that Rule 61 bars Weber from attacking his 2001 forgery conviction because he is no longer in custody for that conviction.[30]

The Delaware Supreme Court explained that the only exception to Rule 61 requiring the defendant be in custody in order to pursue relief under Rule 61 is when the defendant suffers collateral legal disabilities or burdens from the conviction. But the Delaware Supreme Court noted that it has already held, consistent with federal case law applying the "in custody" requirement of the federal habeas statute, that later use of a conviction as a predicate offense for habitual offender sentencing is not a collateral legal burden for purposes of the "in custody" requirement of Rule 61.[31]

The Delaware Supreme Court concluded: **"At this stage, Weber has no basis under Delaware law to continue to seek to repeatedly litigate the same**

---

[29] *Weber v. State,* 2019 WL 3268813, *3 (Del. 2019).
[30] *Id.*
[31] *Id.*

**issue."[32]** Consequently, the Delaware Supreme Court affirmed the denial of Weber's "motion for relief of judgment" seeking to set aside the 2001 forgery conviction.

Weber has filed the pending motions, all couched as something other than a Rule 61 motion, again seeking to set aside the 2001 forgery conviction. Despite Weber's attempts to avoid the procedural bars of Rule 61, the Delaware Supreme Court has held that the exclusive remedy for setting aside this 2001 forgery conviction is by way of a Rule 61 motion, and that Weber is procedurally barred from seeking Rule 61 relief.

Weber cannot pursue the relief requested, to set aside this 2001 forgery conviction, by way of any of the pending motions, and he is procedurally barred from pursuing this relief in a Rule 61 motion. As such, all the pending motions should all be dismissed and all related relief requested denied. As the Delaware Supreme Court held in *Weber v. State,* 2019 WL 3268813 (Del.), at this stage, Weber has no basis under Delaware law to seek to set aside this 2001 forgery conviction.

---

[32] *Id.*

8

For the foregoing reasons, Weber's pending motions all seeking to vacate this 2001 forgery conviction should be SUMMARILY DISMISSED and all related relief requested should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ Lynne M. Parker
Commissioner Lynne M. Parker

cc:    Prothonotary
       Michael C. Heyden, Esquire